UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT HARVEY

VERSUS

BATON ROUGE MARINE
CONTRACTORS, INC., and
LOUISIANA INSURANCE
GUARANTY ASSOC.

CIVIL ACTION

NO. 08-459-JVP-CN

### RULINGS ON MOTIONS FOR SUMMARY JUDGMENT

This matter is before the court on a motion by plaintiff, Robert Harvey, for summary judgment (doc. 9), and on a motion by defendant/cross-claimant, Baton Rouge Marine Contractors, Inc. (BRMC), for summary judgment (doc. 13). Both motions are opposed by defendant, Louisiana Insurance Guaranty Association (LIGA) (docs. 12 & 14, respectively). Plaintiff has replied to the opposition to his motion (doc. 15) and BRMC, has filed a surreply (doc. 16). BRMC has also filed a reply to the opposition to its motion (doc. 19). Jurisdiction is founded on 28 U.S.C. § 1331. There is no need for oral argument and the matter is now submitted.

### FACTS AND PROCEDURAL HISTORY

On July 23, 2008, plaintiff filed this action to enforce payment of benefits allegedly due under a decision and order of the Office of Administrative Law

Judges, Longshore Division, U.S. Department of Labor, issued on April 30, 2008, and filed with the Office of the District Director on May 1, 2008.[1]

According to the decision and order of April 30, 2008, plaintiff testified that BRMC was his primary longshore employer from about 1965 when he began working at the Port of Baton Rouge, until he left that employment in 1977 to work for the State of Louisiana. During the course of his employment with BRMC, plaintiff was exposed to asbestos. He began to experience breathing problems in 2002 and was subsequently diagnosed with pulmonary asbestosis. (Order and Decision, pp. 4-6, 17-19, 28).

The administrative law judge found that plaintiff was disabled as a result of his injurious exposure to asbestos during the course of his employment as a longshoreman with BRMC. Citing the last exposure rule,[2] the administrative law judge concluded that Baton Rouge Marine Contractors was liable for the claim and also concluded that their liability carrier from 1972 through 1982, Employer's National Insurance Corporation, would also be liable but for the fact that the carrier

---

[1] 33 U.S.C. § 921(a) provides:

> A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title and unless proceedings for the suspension or setting aside of such order are instituted as provided in subsection (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

[2] The Decision and Order notes that "[i]n a situation where 'two or more employers may be responsible for a work-related injury or disease, the last employer is completely liable.'" (Decision and Order p. 27 (quoting *Todd Shipyards Corp. v. Black*, 717 F.2d 1280, 1284-85 (9th Cir. 1983).

2

is insolvent and was placed in permanent receivership by court order on February 11, 1994. (Order and Decision, pp. 28-30).

The administrative law judge concluded that, due to the insolvency of Employer's National Insurance Corporation, the Louisiana Insurance Guaranty Association, an entity created by the Louisiana legislature to pay workers' compensation claims upon the insolvency of the primary carrier, is liable for the claim under Louisiana law. (Decision and Order, p. 30 (citing LSA-R.S. 22:1375, et seq.; *Weaver v. Kitchens*, 556 So.2d 120, 122 (La. App. 5th Cir. 1990), *writ denied*, 573 So.2d 1123 (La.1991)).

Plaintiff alleges that neither BRMC nor LIGA has paid any of the benefits awarded in the Decision and Order. Pursuant to 33 U.S.C. § 914(f), plaintiff therefore filed a request for an additional assessment of compensation due for untimely payment.[3] He also filed a request for a supplemental order declaring the total amount due and in default pursuant to 33 U.S.C. § 918(a).[4]

---

[3] 33 U.S.C. § 914(f) provides:

> If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in section 921 of this title and an order staying payment has been issued by the Board or court.

[4] 33 U.S.C. § 918(a) provides:
> In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days

3

On June 9, 2008, the District Director issued a Supplemental Default Order in which he declared the amount in default and ordered LIGA to pay a twenty percent penalty in addition to the benefits and interest due to the plaintiff under the original decision and order. On July 23, 2008, having received no payment of compensation, plaintiff filed the current action to enforce his award of benefits pursuant to 33 U.S.C. § 918(a).

---

> after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order or a supplementary order declaring the amount of the default. After investigation, notice, and hearing, as provided in section 919 of this title, the deputy commissioner shall make a supplementary order, declaring the amount of the default, which shall be filed in the same manner as the compensation order. In case the payment in default is an installment of the award, the deputy commissioner may, in his discretion, declare the whole of the award as the amount in default. The applicant may file a certified copy of such supplementary order with the clerk of the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred. In case such principal place of business or office or place where the injury occurred is in the District of Columbia, a copy of such supplementary order may be filed with the clerk of the United States District Court for the District of Columbia. Such supplementary order of the deputy commissioner shall be final, and the court shall, upon the filing of the copy, enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law. Review of the judgment so entered may be had as in civil suits for damages at common law. Final proceedings to execute the judgment may be had by writ of execution in the form used by the court in suits at common law in actions of assumpsit. No fee shall be required for filing the supplementary order nor for entry of judgment thereon, and the applicant shall not be liable for costs in a proceeding for review of the judgment unless the court shall otherwise direct. The court shall modify such judgment to conform to any later compensation order upon presentation of a certified copy thereof to the court.

LIGA, in its answer, denied the allegations in the complaint and filed a third party demand pursuant to Rule 14 of the Federal Rules of Civil Procedure, naming as third-party defendants: National Ben Franklin Insurance Company of Pittsburgh, Pennsylvania; Fidelity & Casualty Insurance Company of New York; and Signal Mutual Indemnity Association (doc. 8).[5]  BRMC also denied the allegations in the complaint, but asserted a cross-claim against LIGA on the ground that the supplemental order of default ordered only LIGA to pay the sum due the defendant (doc. 10).

In support of his motion for summary judgment, plaintiff has submitted a statement of undisputed material facts pursuant to LR56.1 (doc. 9-4). LIGA has not controverted the material facts submitted in that statement and those facts are

---

[5]The third-party defendants are liability carriers who had issued policies of insurance to BRMC either before or after the period during which BRMC contracted with the now-insolvent Employers National Insurance Corporation.  Though none of those policies is alleged to have been in effect during the pertinent period, LIGA argues that those carriers waived all coverage defenses by representing themselves *and* BRMC at the hearing.  LIGA also states that it has filed a petition for review of the decision and order with the Benefits Review Board in which it raises this issue. (Doc. 8, ¶¶ 2-5).

therefore deemed admitted for purposes of the motion as provided by LR56.2.[6]

Those undisputed material facts are as follows:[7]

1. Plaintiff, claimant before the U.S. Department of Labor, Employment Standards Administration, Longshore Division, Office of Administrative Law Judges was awarded disability benefits in a Decision and Order issued by Administrative Law Judge L. Romero, filed with the District Directors Office on May 1, 2008.

2. To date, no benefits have been paid.

3. A Supplemental Order was issued by the Office of the District Director determining the principal amount due under the award of benefits and the twenty (20) percent assessment due under 33 U.S.C. § 914(f). These amounts were determined to be $115,749.45 in benefits and interest, and $23,149.89 as the assessment–amounting to a total of $138,899.34.

(Doc. 9-4, ¶¶ 1, 3, 4).

Defendant, BRMC, has also submitted a statement of uncontested material facts in connection with its motion as required by LR56.1 (doc. 13-4). Because

---

[6]LR56.2 provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

[7]Plaintiff's statement of undisputed facts contained several conclusions of law that will not be repeated here.

LIGA has not controverted the material facts stated by BRMC, the following facts are deemed admitted for purposes of BRMC's motion as provided by LR56.2:[8]

1. On June 9, 2008, David A. Duhon, Director of the Seventh Compensation District, United States Department of Labor, entered a Supplemental Default Order Declaring Amount of Default in accordance with 33 U.S.C. § 918(a).

2. In the section of the supplemental default order titled "Order," District Director Duhon wrote: "The carrier, Louisiana Insurance Guaranty Association, shall pay a 20% penalty which equals $23,149.89 to the claimant plus $115,749.45 in benefits and interest in accordance with Sections 914(f) and 918(a) of the Act."

3. The order does not state that Baton Rouge Marine Contractors, Inc. is to pay anything toward plaintiff's claim.

4. Within the Supplemental Default Order Declaring Amount of Default, the benefits calculations in the Declaration of Default and in the Order match to the penny.

5. Louisiana Insurance Guaranty Association did not petition the Benefits Review Board for a stay of payments.

(Doc. 13-4, ¶¶ 1-6).

## LAW AND ARGUMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether the movant is entitled to summary judgment, the court views facts in the light most

---

[8] As with plaintiff's statement of undisputed facts, conclusions of law are not repeated here.

favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997).

The undisputed facts of both motions establish that a Supplemental Default Order Declaring Amount of Default was issued pursuant to 33 U.S.C. § 918(a), declaring:

> The sum of $138,899.34, inclusive of a § 14(f) penalty, is due to the employee for late payment of benefits and interest per order of the Administrative Law Judge. This sum is **HEREBY DECLARED TO BE IN DEFAULT.**

(Doc 9, Ex. B, p. 2 (emphasis in original)).

The supplemental order of default also orders that:

> The carrier, Louisiana Insurance Guaranty Association, shall pay a 20% penalty which equals $23,149.89 to the claimant plus $115,749.45 in benefits and interest in accordance with Sections 914(f) and 918(a) of the Act."

(Doc 9, Ex. B, p. 2).

The provisions of the supplemental order of default have not been contested by LIGA. Instead, LIGA takes the position that enforcement of the supplemental default order is improper because the decision and order of the administrative law judge is not yet final, and there is a contested issue of fact as to whether the insurers impleaded into the case are the proper parties answerable for some or all of the benefits that may be due plaintiff (docs. 12,14). Thus, LIGA opposes the motions by contesting the findings of the administrative law judge. LIGA also suggests that a refusal to review the default order by this court would amount to a

denial of due process and cites *Abbot v. Louisiana Insurance Guarantee Association*, 889 F.2d 626 (5th Cir. 1989).

In *Abbot,* the Fifth Circuit Court of Appeals addressed a factual situation very similar to the one at bar.  In that case, LIGA appealed a district court order enforcing a supplemental order of default against it for the payment of worker's compensation under the Longshore and Harbor Workers Compensation Act.  In affirming the district court judgment, the Fifth Circuit court repeated its holding that "supplemental orders of default are final when entered."  *Abbot*, 889 F.2d at 629 (citing *Tidelands Marine Serv. v. Patterson*, 719 F.2d 126, 129 (5th Cir. 1983)).

The court also noted that:

> Prior to the 1972 amendments to the Act, compensation orders were directly reviewable by the district court.  However, in 1972 Congress created the [Benefits Review Board] to hear all direct appeals of compensation orders.  This replaced the district court's exercise of that function.  It would therefore be contrary to Congress' intent for the district courts to review the lawfulness of compensation orders in section 18(a) enforcement proceedings.

*Abbot*, 889 F.2d at 629-30 (internal citations omitted).

Thus, this court has no jurisdiction to review the lawfulness of the compensation order rendered by the administrative law judge.[9]  Moreover, the

---

[9]In addressing due process concerns, the *Abbot* court noted that "the government has a significant interest in maintaining a quick and inexpensive mechanism for getting compensation into the hands of injured workers."  889 F.2d at 632.  The court also noted that an aggrieved party can petition the Benefits Review Board for a stay of the compensation order pending final resolution of an appeal to the board (something LIGA did not do in the present case).  *Id.* at 630.  Moreover,

court's review of the supplemental default order in a section 918(a) enforcement proceeding is limited to determining whether the supplemental order of default is "in accordance with law." See *Abbot*, 889 F.2d 626; 33 U.S.C. § 918(a).

A supplemental order of default is "in accordance with law" if: (1) the application is investigated; (2) notice of the claim is provided to interested parties; (3) parties are given an opportunity for a hearing as specified in section 19 of the Act; (4) the amount of the default is calculated; (5) the supplemental order is entered and filed in same manner as a compensation order; and (6) the responsible parties are notified. *Abbot*, 889 F.2d at 629.

According to the supplemental order of default, the undisputed facts and stipulations of the parties established that: (1) the decision and order was mailed on May 1, 2008; (2) no order staying payment was issued by the Benefits Review Board; (3) claimant filed a written application for Supplementary Order Declaring Default on May 21, 2008; and (4) the parties set forth their respective positions at an informal conference on June 4, 2008 (doc. 9, Ex. B, p. 1). Moreover, the supplemental order of default and the undisputed facts submitted by the parties in this case establish that the amount of the default was calculated and the supplemental order entered. See (doc 9, Ex. B, p. 2; doc 9-4, ¶ 4; doc 13-4, ¶ 2).

---

final orders of the Benefits Review Board are directly appealable to the United States Courts of Appeals. *Id.* (citing 33 U.S.C. § 921(c)). Accordingly, the *Abbot* court found LIGA's due process arguments to be without merit.

The proof of service, submitted with the supplemental order of default demonstrates that the responsible parties were notified of the order (doc. 9, Ex. B, p. 3).

Plaintiff and defendant/cross-claimant, BRMC, have submitted evidence to establish that the supplemental order of default is "in accordance with law" as required by 33 U.S.C. § 918(a) and Fifth Circuit jurisprudence. Moreover, the supplemental order of default specifically states that Louisiana Insurance Guaranty Association shall pay the entire sum of $138,899.34.

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). Defendant, LIGA, has set forth no evidence to establish a genuine issue of fact as to whether the supplemental order of default is "in accordance with law." The court therefore concludes that LIGA has failed to carry its burden of demonstrating a genuine issue of fact.

## CONCLUSION

Accordingly, the motion by plaintiff, Robert Harvey, for summary judgment (doc. 9) is hereby **GRANTED**, and judgment shall be entered in his favor. The

motion by defendant, Baton Rouge Marine Contractors, Inc., (doc. 13) is hereby **GRANTED** and judgment shall be entered in its favor.

Baton Rouge, Louisiana, November 21, 2008.

*[signature: John V. Parker]*
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA