UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT HARVEY**                                                          **CIVIL ACTION**

**VERSUS**

**BATON ROUGE MARINE
CONTRACTORS AND                                                 NO. 08-459-A-M2
LOUISIANA INSURANCE
GUARANTEE ASSOCIATION**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 8, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT HARVEY** | **CIVIL ACTION** |
| **VERSUS** | |
| **BATON ROUGE MARINE CONTRACTORS AND LOUISIANA INSURANCE GUARANTEE ASSOCIATION** | **NO. 08-459-A-M2** |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion for Award of Attorney's Fees (R. Doc. 27) filed by plaintiff, Robert Harvey ("Harvey"). Defendant, Louisiana Insurance Guaranty Association ("LIGA"), has filed an opposition (R. Doc. 30) to Harvey's motion. Harvey has also filed two supplemental memoranda (R. Doc. 33 and 35) in support of his motion.

## FACTS & PROCEDURAL BACKGROUND

On July 23, 2008, Harvey filed this suit to enforce payment of disability benefits allegedly due to him under a Decision and Order of the Office of Administrative Law Judges, Longshore Division, U.S. Department of Labor, issued on April 30, 2008, and filed with the Office of the District Director on May 1, 2008.[1] According to the Decision and Order of the ALJ on April 30, 2008, Harvey testified that Baton Rouge Marine Contractors ("BRMC") was his primary longshore employer from approximately 1965 when he

---

[1] Pursuant to 33 U.S.C. § 921(a), a compensation order "shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title and unless proceedings for the suspension or setting aside of such order are instituted as provided by Subsection (b) of [§921], shall become final at the expiration of the thirtieth day thereafter. 33 U.S.C. §921(a).

1

commenced work at the Port of Baton Rouge until he left that employment in 1977 to work for the State of Louisiana. During his employment with BRMC, Harvey was exposed to asbestos and began to experience breathing problems in 2002, which were subsequently diagnosed as pulmonary asbestosis. *See*, ALJ's Order and Decision, pp. 4-6, 17-19, 28.

The ALJ concluded that Harvey was disabled as a result of his exposure to asbestos during his employment with BRMC and that, under the "last exposure rule," BRMC was liable for the claim and that BRMC's liability carrier from 1972 to 1982, Employer's National Corporation, was also liable, but for the fact that the carrier was insolvent and placed in permanent receivership on February 11, 1994. *Id.*, pp. 28-30. The ALJ further concluded that, as a result of the insolvency of Employer's National Insurance Corporation, LIGA, an entity created by the Louisiana legislature to pay workers' compensation claims when the primary carrier is insolvent, was liable for Harvey's claim under Louisiana law. *Id.*, p. 30 (citing La. R.S. 22:1375, *et seq.*; *Weaver v. Kitchens*, 556 So.2d 120 (La. App. 5th Cir. 1990), *writ denied*, 573 So.2d 1123 (La. 1991)). While the ALJ did not award attorney's fees in his order, he allowed Harvey's counsel thirty (30) days within which to submit an application for attorney's fees. Harvey's counsel submitted such an application, and on July 11, 2008, the ALJ ordered LIGA to pay counsel for Harvey $23,201.55 in attorney's fees and $1,967.23 in connection with the fees/costs Harvey incurred relative to his petition for benefits.

Harvey subsequently alleged that neither BRMC nor LIGA timely paid any of the benefits awarded to him in the ALJ's April 30, 2008 Decision and Order. He therefore requested, from the Office of the District Director, an additional assessment of

compensation due to such untimely payment pursuant to 33 U.S.C. § 914(f)[2] as well as a supplemental order declaring the total amount due from BRMC and LIGA pursuant to 33 U.S.C. § 918(a).[3] On June 9, 2008, the District Director issued a Supplemental Default

---

[2] 33 U.S.C. § 914(f) provides:

> If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation, unless review of the compensation order making such award is had as provided in section 921 of this title and an order staying payment has been issued by the Board or court.

33 U.S.C. § 914(f).

[3] 33 U.S.C. § 918(a) provides:

> In case of default by the employer in the payment of compensation due under any award of compensation for a period of thirty days after the compensation is due and payable, the person to whom such compensation is payable may, within one year after such default, make application to the deputy commissioner making the compensation order for a supplementary order declaring the amount of the default. After investigation, notice, and hearing, as provided in section 919 of this title, the deputy commissioner shall make a supplementary order, declaring the amount of the default, which shall be filed in the same manner as the compensation order. In case the payment in default is an installment of the award, the deputy commissioner may, in his discretion, declare the whole of the award as the amount in default. The applicant may file a certified copy of such supplementary order with the clerk of the Federal district court for the judicial district in which the employer has his principal place of business or maintains an office, or for the judicial district in which the injury occurred. In case such principal place of business or office or place where the injury occurred is in the District of Columbia, a copy of such supplementary order may be filed with the clerk of the United States District Court for the District of Columbia. Such

Order, wherein he declared the amount in default and ordered LIGA to pay a twenty percent (20%) penalty in addition to the benefits and interest due to Harvey under the original Decision and Order. On July 23, 2008, Harvey filed the present suit against LIGA and BRMC to enforce his award of benefits pursuant to 33 U.S.C. § 918(a) since he had received no payment of compensation. LIGA filed an answer in this matter, denying Harvey's allegations, as well as a third party demand against National Ben Franklin Insurance Company of Pittsburgh, Pennsylvania; Fidelity & Casualty Insurance Company of New York; and Signal Mutual Indemnity Association. BRMC also denied Harvey's allegations and asserted a cross-claim against LIGA on the ground that the supplemental order of default ordered only LIGA to pay the sum due to Harvey.

---

supplementary order of the deputy commissioner shall be final, and the court shall, upon the filing of the copy, enter judgment for the amount declared in default by the supplementary order if such supplementary order is in accordance with law. Review of the judgment so entered may be had as in civil suits for damages at common law. Final proceedings to execute the judgment may be had by writ of execution in the form used by the court in suits at common law in actions of assumpsit. No fee shall be required for filing the supplementary order nor for entry of judgment thereon, and the applicant shall not be liable for costs in a proceeding for review of the judgment unless the court shall otherwise direct. The court shall modify such judgment to conform to any later compensation order upon presentation of a certified copy thereof to the court.

33 U.S.C. § 918(a).

Harvey and BRMC filed motions for summary judgment, both of which were opposed by LIGA. The Court found that LIGA had not controverted the material facts set forth in Harvey's and BRMC's statements of undisputed material facts.[4] Additionally, rather than

---

[4] The facts submitted in Harvey's statement of undisputed material facts were as follows:

> 1. Plaintiff, claimant before the U.S. Department of Labor, Employment Standards Administration, Longshore Division, Office of Administrative Law Judges was awarded disability benefits in a Decision and Order issued by Administrative Law Judge L. Romero, filed with the District Directors Office on May 1, 2008.
>
> 2. To date, no benefits have been paid.
>
> 3. A Supplemental Order was issued by the Office of the District Director determining the principal amount due under the award of benefits and the twenty (20) percent assessment due under 33 U.S.C. § 914(f). These amounts were determined to be $115,749.45 in benefits and interest, and $23,149.89 as the assessment– amounting to a total of $138,899.34.

*See*, R. Doc. 9-4, ¶¶ 1, 3, 4.

The facts submitted in BRMC's statement of undisputed material facts were as follows:

> 1. On June 9, 2008, David A. Duhon, Director of the Seventh Compensation District, United States Department of Labor, entered a Supplemental Default Order Declaring Amount of Default in accordance with 33 U.S.C. § 918(a).
>
> 2. In the section of the supplemental default order titled "Order," District Director Duhon wrote: "The carrier, Louisiana Insurance Guaranty Association, shall pay a 20% penalty which equals $23,149.89 to the claimant plus $115,749.45 in benefits and interest in accordance with Sections 914(f) and 918(a) of the Act."

disputing the provisions of the supplemental default order, LIGA argued that enforcement of that order was improper because the Decision and Order of the ALJ was not yet final, and there was a contested issue of fact as to whether the insurers impleaded into the case were the proper parties answerable for some or all of the benefits that may be due to Harvey. Thus, LIGA opposed the summary judgment motions of Harvey and BRMC by opposing the findings of the ALJ. LIGA also suggested that a refusal to review the default order by this Court would amount to a denial of due process.

The Court determined that it had no jurisdiction to review the lawfulness of the compensation order issued by the ALJ. The Court also found that its review of the supplemental default order in a §918(a) enforcement action is limited to determining whether the supplemental order of default was "in accordance with law." The Court concluded that Harvey and BRMC had submitted undisputed evidence establishing that the supplemental order of default was "in accordance with law" as required by 33 U.S.C. § 918(a) and Fifth Circuit jurisprudence and that the default order specifically stated that LIGA was to pay the entire sum of $138,899.34, and summary judgment was therefore

> 3. The order does not state that Baton Rouge Marine Contractors, Inc. is to pay anything toward plaintiff's claim.
>
> 4. Within the Supplemental Default Order Declaring Amount of Default, the benefits calculations in the Declaration of Default and in the Order match to the penny.
>
> 5. Louisiana Insurance Guaranty Association did not petition the Benefits Review Board for a stay of payments.

*See*, R. Doc. 13-4, ¶¶ 1-6.

granted in favor of Harvey and BRMC.  *See*, R. Doc. 21.  LIGA has appealed the Court's decision.

Harvey has now filed the present motion for attorney's fees.  In such motion, he contends that he is entitled to apply for an award of attorney's fees and costs, pursuant to 33 U.S.C. § 928(a), for bringing this enforcement action to a successful conclusion and concedes that such requested award will not be payable until a decision is rendered on LIGA's pending appeal.

## **LAW & ANALYSIS**

The Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.*, governs the compensation of employees who are injured or killed on navigable waters of the United States.  33 U.S.C. § 903(a).  The attorney's fees section of that Act, 33 U.S.C. § 928, provides, in subsection (a), that if the employer or carrier fails to timely pay compensation on the ground that there is no liability, and the claimant utilizes a lawyer's services "in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee . . . which shall be paid directly . . . to the attorney for the claimant in a lump sum after the compensation order becomes final."  33 U.S.C. § 928.[5]  The purpose of the attorney's

---

[5] 33 U.S.C. § 928(a) of the LHWCA provides:

>  (a)     Attorney's fee; successful prosecution of case.  If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this Act, and the person seeking benefits shall thereafter have utilized the services of an

7

fee provision of the Act is to authorize attorney's fees against employers when the existence or extent of liability is controverted, and the claimant succeeds in establishing liability or obtaining increased compensation. *E.P.Paup Co. v. Director, Office of Workers Compensation Programs, U.S. Dept. Of Labor*, 999 F.2d 1341 (9th Cir. 1993). As noted above, Harvey relies upon § 928 in seeking an award of attorney's fees for the work his counsel has performed in connection with this proceeding to enforce the Decision and Order of the ALJ and the Supplemental Default Order of the District Director.

In its opposition, LIGA contends that Harvey is not entitled to such award because the two LHWCA provisions "specifically directed to enforcement actions," *i.e.*, 33 U.S.C. §§ 918(a) and 921(d), do not include "any language stating (or even implying) [that] a claimant/employee is entitled to attorney's fees in connection with . . . an enforcement action." *See*, LIGA's opposition, R. Doc. 30, p. 2. LIGA further argues that an attorney's fees award is not permitted herein under 33 U.S.C. § 928 because, under that statute, Harvey is only entitled to attorney's fees for the "successful prosecution of his claim," and since the ALJ has already awarded costs and attorney's fees to Harvey pursuant to § 928(a), he has already been awarded fees for the "successful prosecution" of his claim.

---

> attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board*, or court*, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimaint in a lump sum after the compensation order becomes final.

33 U.S.C. § 928(a)(Emphasis added).

The Court, however, has located several cases indicating that attorney's fees can, in fact, be awarded by a district court for work performed by a claimant's counsel in connection with an enforcement proceeding pursuant to § 928.  Several Fifth Circuit Court of Appeals' decisions suggest that such a result is possible.  In *Vincent v. Consolidated Operating Co.*, 17 F.3d 782 (5th Cir. 1994), the Fifth Circuit held that, because the employer and its insurer, denied the employer's liability and lost an appeal relative to the Western District of Louisiana's judgment in a benefits enforcement action brought pursuant to 33 U.S.C. § 921(d), the employer and its insurer were liable to the claimant for the attorney's fees he incurred in defending against the appeal pursuant to 33 U.S.C. § 928.  *Id.*, at 787.  The court of appeals noted, however, that the claimant's application could only include costs the claimant incurred defending against the appeal; it explained that the claimant "must separately apply to the district court for an award of attorneys' fees incurred at [the district court] level."  *Id.*  From that statement, it can be inferred that an attorney's fees award can be made by a district court for fees/costs that a claimant incurs in an enforcement action brought under the LHWCA.[6]

---

[6] *See also, Ingalls Shipbuilding, Inc. v. Director, OWCP*, 898 F.2d 1088 (5th Cir. 1990)(If an employer or carrier is successful on appeal, an award of attorney's fees by the lower bodies will be reversed, indicating that the lower bodies, including the district court, can award attorney's fees); *Ryan Walsh Stevedoring Co. v. Trainer*, 601 F.2d 1306, 1318 (5th Cir. 1979)(If claimant's counsel is successful on some claims but unsuccessful on others, the Fifth Circuit has ordered counsel to allocate and identify the fees and expenses that are attributable to the claims upon which counsel was successful, again suggesting that attorney's fees can be awarded in LHWCA enforcement actions); *Quave v. Progress Marine*, 918 F.2d 33 (5th Cir. 1990).

Although LIGA argues that attorney's fees should not be awarded under § 928 of the LHWCA based upon the "American Rule" relating to attorney's fees, which involves a "general practice of not awarding fees to a prevailing party absent explicit statutory authority," it has been recognized that the amendments to the LHWCA in 1972 modified the application of the "American Rule" in connection with the payment of a claimant's attorney's fees.  *Dillingham Corp. v. Massey*, 505 F.2d 1126 (9th Cir. 1974).  While the amendments retained the "American Rule" in general by providing, "[i]n all other cases any claim for legal services shall not be assessed against the employer or carrier," the amendments set forth two (2) situations in which the liability for a claimant's attorney's fees would be transferred from the claimant to the employer or carrier.  *See*, 33 U.S.C. § 928(a)-(b).  The first exception, as noted above, is set forth in subsection (a) of § 928 and relates to an employer's or carrier's delay in payment of a legitimate claim later awarded.  The second exception relates to attorney's fees concerning awards of additional compensation that had previously been denied by the employer or carrier.

In analyzing the impact of the 1972 amendments to the LHWCA on the "American Rule" for attorney's fees, the Fifth Circuit noted:

> The Supreme Court recognized as early as 1796 that "the general practice of the United States is in opposition to [fee shifting] and even if that practice were not strictly correct in principle, it is entitled to the respect of the court, until it is changed, or modified by statute."

*Holiday v. Todd Shipyards Corp.*, 654 F.2d 415, 421, n. , 1982 AMC 2690 (5th Cir. 1981).  The Fifth Circuit explained that, through the 1972 amendments to the LHWCA, Congress spoke on the subject of attorney's fees awards under the Act and that a claimant's attorney's fees can be shifted to the employer or carrier in certain cases.  *Id.*, at 421.  The

Fifth Circuit further held, in *Boland Marine & Mfg. Co. v. Rihner*, 41 F.3d 997, 1004-05 (5th Cir. 1995), that the language of the LHWCA is the court's guide in determining whether attorney's fees should be awarded against employers and carriers.

Additionally, in unpublished opinions, the Sixth Circuit Court of Appeals and the U.S. District Court for the Northern District of Illinois have also held awards of attorney's fees in LHWCA enforcement actions in district court to be proper. In *Hisle v. Louisiana Dock Co.*, 1986 WL 17204 (6th Cir. 1986), the claimant received a LHWCA compensation order from an ALJ, ordering the claimant's employer to pay him lost wages, past and future medical expenses related to his back injury, interest, attorney's fees, and a fine. *Id.*, at *1. When the employer did not pay the amounts awarded by the ALJ, the claimant requested a supplementary compensation award. The U.S. Department of Labor, Office of Workers' Compensation Programs, Sixth District found the employer to be in default and ordered the employer to pay the claimant a total of $55,823.46, plus interest. The claimant then filed the supplementary compensation order with the district court, seeking enforcement of the order, which the district court granted. The employer appealed the district court's decision. *Id.*

While the enforcement action was proceeding in district court, the claimant filed a motion for award of attorney's fees, seeking an award for counsel's work on the enforcement proceedings. *Id.* On appeal, the claimant sought review of the district court's denial of its motion for award of attorney's fees. The claimant also sought to have the court of appeals award attorney's fees for work performed by counsel "for all services rendered and to be performed before the District Court and this Court until this case is concluded." *Id.*, at *4. Although the court of appeals concluded that the claimant's motion, insofar as

11

it sought review of the district court's denial of attorney's fees, was not properly before it because it was a collateral appealable order and the claimant failed to timely file a separate notice of appeal as to that order, the question of whether the claimant was entitled to attorney's fees for work performed in the appellate court (as a result of the appeal by the employer of the district court's judgment on the supplementary compensation order) was properly before it. *Id.* In connection with that issue, the employer argued that the LHWCA does not entitle a claimant to an award of attorney's fees in an enforcement action brought pursuant to § 918(a). The Sixth Circuit disagreed, however, finding that the provisions of the LHWCA should not be "so narrowly construed." *Id.*[7]

In applying § 928(a) to that case, the Sixth Circuit concluded that the claimant was entitled to an award of reasonable attorney's fees for counsel's work in that court since the employer had not only declined to pay the original compensation award but had also declined to comply with the supplementary compensation order awarding the claimant additional benefits. *Id.* The court explained that the claimant had to secure the services of counsel for the purposes of filing the supplementary compensation order in the district court and obtaining a judgment for the amounts due and owing. *Id.* Then, when the district court entered judgment in accordance with § 918(a), the employer appealed the decision to the court of appeals, which caused the claimant to incur additional legal expense. The claimant's claim that he was entitled to judgment on the supplementary compensation order had been "successfully prosecuted" through the district court and the court of appeals. The

---

[7] Similarly, this Court finds that the narrow construction LIGA has applied to § 918(a) and § 921(d) in its opposition should be rejected.

Sixth Circuit therefore found that the claimant was entitled to recover the attorney's fees generated in the appeal when the compensation order became final. *Id.*

In reaching that conclusion, the Sixth Circuit rejected an argument by the employer, which was based upon § 918(a). *Id.*, at *5. The employer relied upon § 918(a) (which provides that "[r]eview of the (district court's) judgment so entered may be had as in civil suits for damages at common law") in support of its contention that attorney's fees could not be awarded in § 918 proceedings. *Id.* The court of appeals was not persuaded by such argument because the "civil suits" language in § 918(a) simply provides that judgments on supplementary compensation orders are appealable in the same manner as any judgment for damages in any civil action at common law. *Id.* That language assures the right of appeal from judgments in enforcement actions and provides that such appeals will be governed by the same procedures as are applicable to other civil actions. The court noted that § 918(a) "neither states nor implies that attorney's fees cannot be awarded in [§] 918 actions." *Id.* Additionally, the court explained that the employer's interpretation of the statute was contradicted by the language of § 928(c), which provides that "if *any* proceedings are had before the Board or any court *for review of a[n] action, award, order, or decision*," attorney's fees may be awarded by the appropriate reviewing body. *Id.* (Emphasis added). *Id.*

The Sixth Circuit further explained that the legislative history of § 928 indicates that it is designed to ensure that injured employees will recover the full amount contemplated by the LHWCA and that the cost of legal services will not diminish the benefits recovered. *Id.* The legislative history is "also a clear expression of Congressional intent that employers should pay legitimate claims made by injured employees without lengthy and burdensome

litigation." *Id.* The Sixth Circuit concluded that those legislative goals are "best met by a construction of [§] 918 that allows for recovery of attorney's fees when claimants are forced to file a lawsuit in order to compel payment of supplementary compensation orders." *Id.* The court of appeals expressly noted that it was only because the claimant had failed to file a timely collateral appeal relative to the district court's denial of his motion for attorney's fees that precluded the court of appeals from awarding fees for services performed in the district court.[8]  Thus, although unpublished, the Sixth Circuit's opinion in *Hisle* lends additional support to the conclusion that attorney's fees can be awarded by this Court pursuant to § 928 for expenses incurred in connection with an enforcement action brought under § 918 (a).

Finally, in *Menchaca v. Ceres Terminals, Inc.*, 1993 WL 524281 (N.D. Ill. 1993), the U.S. District Court for the Northern District of Illinois relied upon *Hisle* and another case out of the Southern District of Indiana, *Geary v. Jeffboat, Inc.*, 620 F.Supp. 41 (S.D.Ind. 1985), in holding that attorney's fees can be awarded by a district court in a § 918(a) enforcement proceeding pursuant to § 928. *See also, Zeller v. Assocatiated Indem. Corp.*, 92 F.3d 453 (9th Cir. 1937)(Court of Appeals overturned injunction and awarded employee attorney fees under § 928 where employer brought suit to enjoin employee's enforcement of supplementary order). The court, noted, however, that the employer is not required to pay an award of attorney's fees until the underlying award is final. *Id.*, at *1. Accordingly,

---

[8] The court of appeals approved the awarding of reasonable attorney's fees for services rendered in the appeals court relative to the employer's appeal from the district court's judgment on the supplementary compensation award; however, it rejected the claimant's request for an award of fees "until th[e] case [was] concluded," on the basis that it could not approve the payment of attorney's fees for services that may be rendered in the future. *Id.*, at 6.

14

based upon the above jurisprudence, Harvey is entitled to an award of the reasonable attorney's fees incurred in connection with this enforcement proceeding pursuant to § 928(a).[9] [10] However, payment of such fees is not due until a final decision has been reached relative to any pending appeals filed by LIGA[11] since, if LIGA is determined by the Benefits Review Board not to be liable for the benefits owed under the ALJ's Decision and Order and/or the Fifth Circuit Court of Appeals reverses this Court's decision that the supplemental default order is "in accordance with law," Harvey will not have "successful[ly] prosecut[ed]" his claim as required by § 928 and therefore will not be entitled to attorney's fees relative to his enforcement action.  The Court can, however, determine at this time the appropriate amount of attorney's fees to be awarded "if and when [Harvey] prevails on the merits of th[is] case and the award becomes final due to a Benefits Review Board or [Fifth] Circuit Court of Appeals decision."[12]

---

[9] To the extent Harvey wishes to receive an award of attorney's fees relative to LIGA's appeal of this Court's decision, he should make such request in that court if he is successful on the appeal.

[10] The reason Harvey is entitled to attorney's fees under § 928(a), as opposed to § 928(b), is because § 928(a) applies "when the employer contends that no compensation is owing but the claimant prevails," as in the present case, while § 928(b) applies when "the employer or carrier pays or tenders payment of compensation without an award . . . and thereafter a controversy develops over the amount of additional compensation, if any, to which the employee may be entitled . . . " (*i.e.*, the employer and claimant disagree as to the amount of compensation that is owed), which is not the case in the present matter.

[11] In addition to LIGA's pending appeal with the Fifth Circuit relative to this Court's judgment dated November 24, 2008 concerning whether the supplemental default order was "in accordance with law," LIGA also indicates, in its opposition, that it presently has pending with the Benefits Review Board an appeal of the ALJ's May 1, 2008 Decision and Order.

[12] *See, Menchaca*, at *1, citing *Wells v. Int'l Great Lakes Shipping Co.*, 693 F.2d 663 (7th Cir. 1982)(where the District Court for the Northern District of Illinois held, in an

LIGA has not disputed the reasonableness of the attorney's fees requested by Harvey and instead has only contended herein that Harvey has no entitlement to attorney's fees under § 928. Thus, the amount of Harvey's requested attorney's fees is deemed unopposed. Nevertheless, the Court's review of those requested fees indicates that, to some extent, those fees are excessive. Specifically, as the ALJ previously determined during the administrative proceedings, Harvey's counsel's requested rate of $250.00 per hour is unreasonable. The ALJ determined that, based upon counsel's experience, an hourly rate of $225.00 would be more appropriate. The Court finds the rate designated by the ALJ to still be excessive, considering that Harvey's counsel has not submitted an affidavit specifying the amount of experience he has in the legal profession as well as the average hourly rate for attorneys in his market who have comparable experience. This Court recently held that an hourly rate of $185.00 per hour is appropriate for a Baton Rouge attorney with twenty-four (24) years of experience where the matter upon which work was performed was not particularly complex. *See, Pizzolato, et al v. Safeco Insurance Company of America*, Civil Action No. 08-353-D, Ruling and Order dated November 3, 2008, R. Doc. 15. While it appears from plaintiff's counsel's bar roll number that he likely has significant legal experience, since no jurisprudence or evidence has been submitted

---

action to enforce a supplementary compensation award filed pursuant to 33 U.S.C. §918 (a), that the claimant was entitled to attorney's fees. The defendant in that case did not object to the calculation of the fees requested by the claimant, and the court found such calculation to be reasonable. The court noted, however, that the employer was not required to pay the fees until the underlying compensation award was final. The court explained that the underlying compensation award was not final until the Benefits Review Board completed its review of the defendant's appeal. The court awarded $2,495.00 in attorney's fees "payable only if and when [the] plaintiff prevail[ed] on the merits of the case and the award bec[a]me final due to a Benefits Review Board or Seventh Circuit Court of Appeals decision").

to the Court indicating that an hourly rate of $225.00 is appropriate for an attorney with his experience working in the Folsom, Louisiana market (which is significantly smaller than the Baton Rouge market) on an enforcement proceeding that is not particularly complex from a legal standpoint, the Court will reduce the requested hourly rate applicable to Harvey's counsel to $185.00.

Additionally, the Court's review of the time entries submitted by plaintiff's counsel in the supplemental memorandum in support of the present motion (R. Doc. 35) indicates that one of the entries is overly vague, *i.e.*, plaintiff's counsel's October 1, 2008 entry for 1.00 hour for "Review record and research."[13]   *See*, Petitioner's Supplemental Memorandum in Support for Award of Attorney's Fees, R. Doc. 35, p. 2.  Accordingly, that entry will not be included in the attorney's fees award lodestar calculation.  All other time entries submitted by plaintiff's counsel appear to be reasonable.  Thus, applying the lodestar method for calculating an award of attorney's fees,[14] the total fee award in this

---

[13] If the Court determines that the hours billed are unnecessary, excessive, and/or vague, the number of hours should be reduced by a percentage intended to substitute for sound judgment.  *Id.*; *Tyler*, 2000 WL 977602, @ *5; *Hensley*, 461 U.S. at 434 (When billing judgment is lacking, the court must exclude from the lodestar calculation the hours that were not reasonably expended)

[14] In *Ayers v. Steamship Co. v. Bryant*, 544 F.2d 812 (5th Cir. 1977), the Fifth Circuit held that the factors to be considered, in acting on an application for attorney's fees under the LHWCA, are those "which normally figure into an attorney's fees calculation."  *Id.*, at 814.  Citing *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), the court stated that the "factors include, but are not limited to, [1] the hours worked, [2] the reasonable hourly rate for each attorney involved, [3] the size of the recovery, [4] the quality of the work and [5] the complexity of the issues involved."

In other cases where attorney's fees awards are calculated, the Court first determines a "lodestar amount" by multiplying the number of hours "reasonably expended" on the litigation by a "reasonable hourly rate."  Once the "lodestar amount" is calculated, the Court must consider whether that amount should be adjusted upward or

case is $1,410.63 (7.625 hours x $185.00/hour = $1,410.63). The Court finds no reason to adjust the amount of that award upward or downward based upon the factors set forth in *Johnson v. Georgia Highway Express*.[15] As a result, Harvey's counsel should be awarded $1,410.63 in attorney's fees; however, such fees are payable only if and when Harvey prevails on the merits of his case and the underlying compensation award becomes final due to a Benefits Review Board and/or Fifth Circuit Court of Appeals decision.[16]

## RECOMMENDATION

For the above reasons, it is recommended that the Motion for Award of Attorney's Fees (R. Doc. 27) filed by plaintiff, Robert Harvey, should be **GRANTED** and that plaintiff's counsel should receive a lump sum award in the amount of $1,410.63 in attorney's fees, with such award only being payable if and when Harvey prevails on the merits of his case

---

downward, depending upon the circumstances of the case, applying the factors set forth in *Johnson v. Georgia Highway Express. See, Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993).

[15] The lodestar calculation is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993). In other words, the district court should not enhance the lodestar fee unless the prevailing party shows that enhancement is necessary to make the award of attorneys' fees reasonable. *Id.*

[16] Since, if an employer and carrier are successful on their appeal, any award of attorney's fees by the lower bodies, including this court, would be reversed, it would be more efficient to simply wait until after final judgment has been rendered relative to LIGA's appeals for LIGA to pay plaintiff's counsel the award of attorney's fees designated herein, if LIGA and its insurance carrier are unsuccessful on appeal. *Ingalls Shipbuilding, Inc. v. Director, OWCP*, 991 F.2d 163, 166 (5th Cir. 1993); *Ingalls Shipbuilding, Inc. v. Director, OWCP*, 898 F.2d 1088, 1096 (5th Cir. 1990).

and the underlying compensation award becomes final due to a Benefits Review Board and/or Fifth Circuit Court of Appeals decision.

Signed in chambers in Baton Rouge, Louisiana, January 8, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**